IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA §
§
VS. §                                      NO.SA-16-CR-00574
§
NICHOLAS ANDRES GONZALES-MALVEN §

## SENTENCING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant, Nicholas Malven Gonzales, by through his attorney of record, and files this his Sentencing Memorandum and respectfully shows the Court as follows.

Mr. Gonzales-Malven pled guilty to Counts 1 and 2 of an indictment under 18 U.S.C. 2251(a) charging Production of Child Pornography. This Memorandum urges that the Court sentence Mr. Gonzales-Malven to concurrent sentences for the two counts to which he pled in consideration of factors under 18 USC 3553.

2.  Because Mr. Gonzales-Malven has pled to two counts of the instant indictment, the Court must decide whether the sentences under each count are to be served consecutively or concurrently. According to 18 U.S.C. 3484 individual sentences are to be served concurrently unless the Court specifically orders them to be served consecutively.  The Court is directed to consider the factors in 18 U. S.C. 3553 in any decision to impose consecutive sentences.

18 U.S.C. 3553 begins with the admonition that a District Court should impose a sentence "sufficient, but not greater than necessary…(A.) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant and (D) to provide the defendant with needed …training, medical care or other correctional treatment…"

Each of these counts involves a separate visual depiction involving a single victim. Each count calls for a statutory sentence of a minimum of 15 and a maximum of 30 years. That range of time allows the Court discretion to impose a sentence "sufficient but not greater than necessary" to reflect the factors of 18 U.S.C. 3553 noted above.

In support of this contention, I would ask the Court to take Judicial Notice of the findings of the 2012 Report to the Congress Federal Child Pornography Offenses, as well as the United States Sentencing Commission's Sentencing Information Packets 2013 to 2015, the most recent year available. All are on the official website of the United States Sentencing Commission.

While the Report is generally concerned with 2G2.2 cases, chapter 9 specifically addresses 2G2.1 cases involving Production of Child Pornography. It is appended as exhibit A. It states on page 253 "Average prison sentences for production offenses increased from 63.5 months in 1992 to 153.4 months in 2004…by 2009 average sentences hit their high point (282.9 months). Average sentences decreased slightly in fiscal year 2010 (267.1 months)." This Report was written in 2012. The United States Sentencing Commissions Information Packets state as follows: the national mean sentence for Child Pornography in 2013 was 138 months, in 2014 was 138 months and in 2015 157 months.

The statutory maximum available to the Court is 360 months, well above these averages. Of course the Court must consider all the factors in 3553 in determining a fair sentence. The defense urges that the facts in this case are not so unique as to warrant a sentence above the statutory maximum. The characteristics of this case are generally similar to the offender characteristics found by the Sentencing Commission in 2012 in these kind of cases. These cases by their nature have very disturbing facts. The Commission noted that prior cases of this kind involved conduct at which the offender was present or in contact with the victim 74% of the time, as happened in this case,  and 68.4 % of the time, as in this case, they involved a parent/guardian or other family friend or person in a position of trust as happened in this case.

While every case must be considered based on the facts before the Court, and this case did involve a violation of trust by a person in a supervising position, that is a factor found in many of these kinds of cases. It should also be noted that the photos taken, while pornographic, do not depict Aggravated Sexual Assault as defined in 18 USC 2241 or arguably a sex act or sexual contact as "the F.B.I discovered pictures of a young boy with his anus exposed and with an individual's hand on a child's buttocks" as stated in the factual basis of the plea agreement.

Mr. Welsh has written a letter to the Court which I have appended as exhibit B.  He has no criminal history. He takes full responsibility for what he did. I have included letters from his family and a reference letter

If the Court sustains Mr. Malven-Gonvales' objections to the pre-sentence report  then, after a three level decrease for Mr. Gonzales-Malven's acceptance of responsibility,  the Total Offense Level would be 37 with  a Criminal History of 0. This will give the Court a range of 210 to 262 months. If the Court does not sustain the objections each count will still fall within the statutory

maximum of 360 months. In that situation, in light of the sentencing history of such cases, a term of 360 months on each count to be served concurrently might be appropriate. The defense strongly urges, in either situation, that these sentences should be run concurrently in accordance with 18 U.S.C. 3553's admonition to fashion a sentence "sufficient but not greater than necessary" to address the factors in the statute.

Respectfully submitted

/s/

_____
Brian C. Kimbrough
Attorney at Law
2414 S. Hackberry
San Antonio, Texas 78210
State Bar of Texas No. 11424650

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was forwarded to Assistant United States Attorney by electronic means.

/s/

_____
BRIAN C. KIMBROUGH