1               UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
2                 SAN ANTONIO DIVISION

3   UNITED STATES OF AMERICA,        )
                                     )
4        vs.                         ) No. SA-16-CR-574(1)-DAE
                                     )
5   NICHOLAS ANDREAS GONZALEZ-MALVEN, ) San Antonio, Texas
                                     ) June 14, 2017
6        Defendant.                  ) 2:06 p.m. to 2:35 p.m.
    _____)

7
              TRANSCRIPT OF REARRAIGNMENT/PLEA HEARING
8             BEFORE THE HONORABLE JOHN W. PRIMOMO
                 UNITED STATES MAGISTRATE JUDGE
9
    A P P E A R A N C E S:
10
    FOR THE GOVERNMENT:
11       UNITED STATES ATTORNEY'S OFFICE
         By:  Tracy Thompson, Esquire
12       601 N.W. Loop 410, Suite 600
         San Antonio, TX  78216
13
    FOR DEFENDANT GONZALEZ:
14       LAW OFFICE OF BRIAN C. KIMBROUGH
         By:  Brian C. Kimbrough, Esquire
15       2414 South Hackberry
         San Antonio, TX  78210
16
    COURT RECORDER:  FTR Gold
17
    TRANSCRIBER:
18       CHRIS POAGE
         655 East Cesar E. Chavez Blvd., Suite G-65
19       San Antonio, TX  78206
         Telephone:  (210) 244-5036
20       chris_poage@txwd.uscourts.gov

21  Proceedings reported by electronic sound recording.  Transcript
    produced by computer-aided transcription.
22

23

24

25

1          (Open court at 2:06 p.m.)

2              THE COURT:  Please be seated.

3      *United States of America versus Rodolfo Renteria-Mendez*,

4  SA-17-CR-325.  Mr. Hardy, you represent the United States?

5              MR. HARDY:  Yes, sir.

6              THE COURT:  Mr. Garza, you represent Mr. Renteria?

7              MR. GARZA:  Yes, Your Honor.

8              THE COURT:  United States of America versus -- I'm

9  sorry.  Are you Rodolfo Renteria-Mendez?

10             DEFENDANT RENTERIA:  Yes.

11             THE COURT:  *United States of America versus Armando*

12  *Infante-Rodriguez*, SA-17 --

13             MR. HILLE:  Thomas Hille for defendant.

14             THE COURT:  -- SA-17-CR-419.  Mr. Hardy, you represent

15  the government?

16             MR. HARDY:  Yes, Your Honor.

17             THE COURT:  And, Mr. Hille, you represent Mr. Infante?

18             MR. HILLE:  Yes, Your Honor.

19             THE COURT:  Thank you.

20      Is your name Armando Infante-Rodriguez?

21             DEFENDANT INFANTE:  Yes.

22             THE COURT:  *United States of America versus Jose*

23  *Francisco Lagos-Mendoza*, SA-17-CR-311.  Mr. Hardy, you

24  represent the government?

25             MR. HARDY:  I do, Your Honor.

```
1              THE COURT:  Mr. Aristotelidis, you represent
2    Mr. Lagos?
3              MR. ARISTOTELIDIS:  I do, Judge.
4              THE COURT:  Is your name Jose Francisco Lagos-Mendoza?
5              DEFENDANT LAGOS:  Yes.
6              THE COURT:  And United States of America versus
7    Nicholas Andreas Gonzalez-Malven, SA-16-CR-574.  Ms. Thompson,
8    you represent the government?
9              MS. THOMPSON:  I do, Your Honor.
10             THE COURT:  Mr. Kimbrough, you represent Mr. Gonzalez?
11             MR. KIMBROUGH:  I do, Your Honor.
12             THE COURT:  Is your name Nicholas Andreas
13   Gonzalez-Malven?
14             DEFENDANT GONZALEZ:  Yes.
15             THE COURT:  Sir?
16             DEFENDANT GONZALEZ:  Yes.
17             THE COURT:  I need for the four of you at the table to
18   please remain seated, raise your right hands to the best of
19   your ability and be sworn by the clerk.
20        (The oath was administered)
21             THE COURT:  Mr. Garza, do you have any doubt as to
22   your client's competence to enter a guilty plea at this time?
23             MR. GARZA:  No, Your Honor.
24             THE COURT:  Mr. Hille?
25             MR. HILLE:  No, Your Honor.
```

```
1            THE COURT:  Mr. Aristotelidis?

2            MR. ARISTOTELIDIS:  No, Your Honor.

3            THE COURT:  Mr. Kimbrough?

4            MR. KIMBROUGH:  No, Your Honor.

5            THE COURT:  Mr. Renteria, do you suffer from any

6  mental condition or take any drugs that might interfere with

7  your ability to understand what you are doing today?

8            DEFENDANT RENTERIA:  No.

9            THE COURT:  Mr. Infante?

10           DEFENDANT INFANTE:  No.

11           THE COURT:  Mr. Lagos?

12           DEFENDANT LAGOS:  No.

13           THE COURT:  Mr. Gonzalez?

14           DEFENDANT GONZALEZ:  No.

15           THE COURT:  Before accepting your guilty pleas, there

16  are several rights that I must advise you of and various

17  questions I will ask you.  If you do not understand these

18  rights or questions or at any time wish to consult with your

19  attorney, please say so.  You cannot come back later and say

20  that you did not understand or that someone told you how to

21  answer these questions.

22     If you feel you are being forced into pleading guilty,

23  now's the time to tell me.  Also, if any statement you make

24  during this hearing is untrue, the government has the right to

25  prosecute you for perjury.
```

1     Mr. Renteria, do you understand that?

2          DEFENDANT RENTERIA:  Yes.

3          THE COURT:  Mr. Infante?

4          DEFENDANT INFANTE:  Yes.

5          THE COURT:  Mr. Lagos?

6          DEFENDANT LAGOS:  Yes.

7          THE COURT:  And Mr. Gonzalez?

8          DEFENDANT GONZALEZ:  Yes.

9          THE COURT:  Each of you has the right to enter your

10    guilty plea before a United States district judge.  However,

11    you can consent to plead guilty before a United States

12    magistrate judge such as myself.  The district judge will

13    sentence you in your case.

14       Mr. Renteria, do you understand your right to plead guilty

15    before United States District Judge Xavier Rodriguez?

16          DEFENDANT RENTERIA:  Yes.

17          THE COURT:  And do you agree to give up that right and

18    plead guilty before me today?

19          DEFENDANT RENTERIA:  No.

20       (Discussion off the record)

21          DEFENDANT RENTERIA:  Oh, yes.  Yes.

22          THE COURT:  Mr. Infante, do you understand your right

23    to plead guilty before Chief Judge -- Chief United States

24    District Judge Orlando Garcia?

25          DEFENDANT INFANTE:  Yes.

1          THE COURT:  And do you agree to give up that right and

2    to plead guilty before me today?

3          DEFENDANT INFANTE:  Yes.

4          THE COURT:  Mr. Lagos, do you understand your right to

5    plead guilty before Judge Rodriguez?

6          DEFENDANT LAGOS:  Yes.

7          THE COURT:  And do you agree to give up that right and

8    plead guilty before me today?

9          DEFENDANT LAGOS:  Yes.

10         THE COURT:  And, Mr. Gonzalez, do you understand your

11   right to plead guilty before United States District Judge David

12   Ezra?

13         DEFENDANT GONZALEZ:  Yes.

14         THE COURT:  And do you agree to give up that right and

15   plead guilty before me today?

16         DEFENDANT GONZALEZ:  Yes.

17         THE COURT:  Mr. Renteria, have you had enough time to

18   fully discuss your case with your lawyer and any possible

19   defenses you may have to the charge against you?

20         DEFENDANT RENTERIA:  Yes.

21         THE COURT:  Mr. Infante?

22         DEFENDANT INFANTE:  Yes.

23         THE COURT:  Mr. Lagos?

24         DEFENDANT LAGOS:  Yes.

25         THE COURT:  Gonzalez?

1                DEFENDANT GONZALEZ:  Yes.

2                THE COURT:  Mr. Renteria, are you satisfied with your

3       attorney's representation of you?

4                DEFENDANT RENTERIA:  Yes.

5                THE COURT:  Mr. Infante?

6                DEFENDANT INFANTE:  Yes.

7                THE COURT:  Mr. Lagos?

8                DEFENDANT LAGOS:  Yes.

9                THE COURT:  Mr. Gonzalez?

10               DEFENDANT GONZALEZ:  Yes.

11               THE COURT:  Mr. Gonzalez, in your case a written plea

12      agreement has been filed, which was signed by you, your

13      attorney and the attorney for the government.  Did you read the

14      plea agreement before you signed it?

15               DEFENDANT GONZALEZ:  Yes.

16               THE COURT:  Do you understand the terms of the plea

17      agreement?

18               DEFENDANT GONZALEZ:  Yes.

19               THE COURT:  And do you agree to those terms?

20               DEFENDANT GONZALEZ:  Yes.

21               THE COURT:  Mr. Renteria, Mr. Infante and Mr. Lagos,

22      the three of you are charged in separate indictments with

23      illegal reentry into the United States after removal or

24      deportation.

25          Mr. Renteria, did you receive a copy of the indictment that

1    was filed against you?

2            DEFENDANT RENTERIA:  Yes.

3            THE COURT:  Did someone read that to you?

4            DEFENDANT RENTERIA:  Yes.

5            THE COURT:  Did you discuss with your attorney the

6    charge to which you are pleading guilty?

7            DEFENDANT RENTERIA:  Yes.

8            THE COURT:  Do you understand the charge?

9            DEFENDANT RENTERIA:  Yes.

10           THE COURT:  Do you understand that you have the right

11   to plead not guilty to that charge?

12           DEFENDANT RENTERIA:  Yes.

13           THE COURT:  And how do you plead to the charge in your

14   indictment; guilty or not guilty?

15           DEFENDANT RENTERIA:  Guilty.

16           THE COURT:  Are you pleading guilty because you are

17   guilty and for no other reason?

18           DEFENDANT RENTERIA:  Yes.

19           THE COURT:  Mr. Infante, did you receive a copy of the

20   indictment in your case?

21           DEFENDANT INFANTE:  Yes.

22           THE COURT:  And did someone read that to you?

23           DEFENDANT INFANTE:  Yes.

24           THE COURT:  And did you discuss with your lawyer the

25   charge to which you are pleading guilty?

1          DEFENDANT INFANTE:  Yes.

2          THE COURT:  Do you understand that charge?

3          DEFENDANT INFANTE:  Yes.

4          THE COURT:  Do you understand that you also have the

5     right to plead not guilty to that charge?

6          DEFENDANT INFANTE:  Yes.

7          THE COURT:  And how do you plead to the charge in your

8     indictment; guilty or not guilty?

9          DEFENDANT INFANTE:  Guilty.

10          THE COURT:  Are you pleading guilty because you are

11     guilty and for no other reason?

12          DEFENDANT INFANTE:  Yes.

13          THE COURT:  Mr. Lagos, did you receive a copy of the

14     indictment in your case?

15          DEFENDANT LAGOS:  Yes.

16          THE COURT:  And did someone read that to you?

17          DEFENDANT LAGOS:  Yes.

18          THE COURT:  Did you discuss with your lawyer the

19     charge to which you are pleading guilty?

20          DEFENDANT LAGOS:  Yes.

21          THE COURT:  Do you understand the charge?

22          DEFENDANT LAGOS:  Yes.

23          THE COURT:  Do you understand that you have the right

24     to plead not guilty to that charge?

25          DEFENDANT LAGOS:  Yes.

1          THE COURT:  And how do you plead to the charge in your

2     indictment; guilty or not guilty?

3          DEFENDANT LAGOS:  Guilty.

4          THE COURT:  And are you pleading guilty because you

5     are guilty and for no other reason?

6          DEFENDANT LAGOS:  Yes.

7          THE COURT:  Mr. Gonzalez, you're charged in Count 1

8     and Count 2 of your indictment with production of child

9     pornography.  Did you receive a copy of the indictment in your

10    case?

11         DEFENDANT GONZALEZ:  Yes.

12         THE COURT:  Did you read the indictment and discuss

13    with your lawyer the charges to which you are pleading guilty?

14         DEFENDANT GONZALEZ:  Yes.

15         THE COURT:  Do you understand those charges?

16         DEFENDANT GONZALEZ:  Yes.

17         THE COURT:  Do you understand that you have the right

18    to plead not guilty to those charges?

19         DEFENDANT GONZALEZ:  Yes.

20         THE COURT:  And how do you plead to Count 1 and Count

21    2 of your indictment; guilty or not guilty?

22         DEFENDANT GONZALEZ:  Guilty.

23         THE COURT:  Are you pleading guilty because you are

24    guilty and for no other reason?

25         DEFENDANT GONZALEZ:  Yes.

1          THE COURT:  Under the Constitution and the laws of the

2     United States each of you has the right to a trial by jury and

3     the assistance of an attorney at trial, the right to confront

4     and cross-examine the government's witnesses, the right to

5     compel the attendance of witnesses at trial and the right to

6     present evidence on your own behalf.

7        Mr. Renteria, do you understand that?

8          DEFENDANT RENTERIA:  Yes.

9          THE COURT:  Mr. Infante?

10          DEFENDANT INFANTE:  Yes.

11          THE COURT:  Mr. Lagos?

12          DEFENDANT LAGOS:  Yes.

13          THE COURT:  Mr. Gonzalez?

14          DEFENDANT GONZALEZ:  Yes.

15          THE COURT:  Each of you is presumed to be innocent,

16     and the government is required to prove your guilt beyond a

17     reasonable doubt before you can be found guilty.  At a trial,

18     while you would have the right to testify if you chose to do

19     so, you cannot be required to testify.  And if you choose not

20     to testify, that cannot be held against you.

21        Mr. Renteria, do you understand that?

22          DEFENDANT RENTERIA:  Yes.

23          THE COURT:  Mr. Infante?

24          DEFENDANT INFANTE:  Yes.

25          THE COURT:  Mr. Lagos?

```
1              DEFENDANT LAGOS:  Yes.

2              THE COURT:  And Mr. Gonzalez?

3              DEFENDANT GONZALEZ:  Yes.

4              THE COURT:  If you plead guilty, you will give up your

5     right to a trial, the other rights I have discussed and any

6     defenses you may have to the charges, and the district judge

7     will sentence you after considering a presentence report.

8         Mr. Renteria, do you understand that?

9              DEFENDANT RENTERIA:  Yes.

10             THE COURT:  Mr. Infante?

11             DEFENDANT INFANTE:  Yes.

12             THE COURT:  Mr. Lagos?

13             DEFENDANT LAGOS:  Yes.

14             THE COURT:  Mr. Gonzalez?

15             DEFENDANT GONZALEZ:  Yes.

16             THE COURT:  Mr. Renteria, do you agree to give up the

17    rights that I have discussed?

18             DEFENDANT RENTERIA:  Yes.

19             THE COURT:  Mr. Infante?

20             DEFENDANT INFANTE:  Yes.

21             THE COURT:  Mr. Lagos?

22             DEFENDANT LAGOS:  Yes.

23             THE COURT:  And Mr. Gonzalez?

24             DEFENDANT GONZALEZ:  Yes.

25             THE COURT:  Mr. Renteria, Mr. Infante and Mr. Lagos,
```

1   the penalty that the three of you face for the charge to which

2   each of you is pleading guilty is up to two years in jail and a

3   fine up to $250,000.  Each of you will also be required to pay

4   a special assessment of $100 to the Crime Victim Fund.

5      Mr. Renteria, do you understand that?

6            DEFENDANT RENTERIA:  Yes.

7            THE COURT:  Mr. Infante?

8            DEFENDANT INFANTE:  Yes.

9            THE COURT:  Mr. Lagos?

10           DEFENDANT LAGOS:  Yes.

11           THE COURT:  Mr. Gonzalez, the penalty that you face on

12  each of the two charges to which you're pleading guilty is a

13  minimum of 15 years and a maximum of 30 years in jail and a

14  fine up to $250,000.  You must also pay on each count the $100

15  special assessment to the Crime Victim Fund, as well as a

16  $5,000 special assessment to the -- and I knew that this

17  morning -- what JVTA stands for.

18           MS. THOMPSON:  Justice for Victims of Trafficking Act.

19           THE COURT:  Okay.  And that $5,000 assessment -- this

20  says up to 5,000.  And I thought I read the act to mean it was

21  a flat 5,000.  But maybe I misread that.

22           MS. THOMPSON:  It is up to 5,000.  And it's not

23  mandatory.  It's based on the defendant's status, whether or

24  not he's indigent.

25           THE COURT:  Okay.  So you face -- the hundred dollar

1    assessment is mandatory, but the up to $5,000 on each count, it

2    could be anywhere up to 5,000, and it depends on your financial

3    status.  Do you understand that, the penalties you face on the

4    two counts, Mr. Gonzalez?

5            DEFENDANT GONZALEZ:  [Inaudible].

6            THE COURT:  Mr. Renteria, Mr. Infante and Mr. Lagos,

7    because the three of you are not citizens of the United States,

8    your pleas of guilty and conviction -- and convictions will

9    likely result in your being removed from the United States,

10   denied citizenship and denied admission to the United States in

11   the future.

12       Mr. Renteria, do you understand that?

13            DEFENDANT RENTERIA:  Yes.

14            THE COURT:  Mr. Infante?

15            DEFENDANT INFANTE:  Yes.

16            THE COURT:  And Mr. Lagos?

17            DEFENDANT LAGOS:  Yes.

18            THE COURT:  Mr. Garza, did you explain to your client

19   that his plea of guilty and conviction would likely result in

20   his removal or deportation from the United States?

21            MR. GARZA:  I did, Your Honor.

22            THE COURT:  Mr. Renteria, do you recall speaking to

23   your attorney about that matter?

24            DEFENDANT RENTERIA:  Yes.

25            THE COURT:  And, Mr. Hille, did you explain to your

1    client that his plea of guilty and conviction would likely

2    result in his removal or deportation from the United States?

3             MR. HILLE:  Yes, Your Honor.

4             THE COURT:  Mr. Infante, do you recall speaking to

5    your lawyer about that matter?

6             DEFENDANT INFANTE:  Yes.

7             THE COURT:  And, Mr. Aristotelidis, did you talk to

8    Mr. Lagos about the fact that his plea of guilty and conviction

9    would likely result in his removal or deportation from the

10   United States?

11            MR. ARISTOTELIDIS:  I have, Judge.

12            THE COURT:  And, Mr. Lagos, do you recall speaking to

13   your lawyer about that matter?

14            DEFENDANT LAGOS:  Yes.

15            THE COURT:  In all four of your cases the district

16   judge will impose a sentence after considering guidelines

17   established by the United States Sentencing Commission.  A

18   range of punishment will be determined considering such things

19   as the nature and circumstances of your offenses, your conduct

20   in this case and your past criminal history.

21        However, the sentencing guidelines are only advisory, and

22   the district judge is not required to sentence you within the

23   applicable guideline range.  He can sentence you to any

24   reasonable term between the minimum and maximum statutory

25   penalties.

1          Mr. Renteria, do you understand that?

2                DEFENDANT RENTERIA:  Yes.

3                THE COURT:  Mr. Infante?

4                DEFENDANT INFANTE:  Yes.

5                THE COURT:  Mr. Lagos?

6                DEFENDANT LAGOS:  Yes.

7                THE COURT:  And Mr. Gonzalez?

8                DEFENDANT GONZALEZ:  Yes.

9                THE COURT:  Mr. Gonzalez, as part of your plea

10    agreement, you are giving up the right to appeal your sentence

11    as well as the right to contest your sentence in any other type

12    of post-conviction proceeding except in limited circumstances.

13    Do you understand that?

14                DEFENDANT GONZALEZ:  Yes.

15                THE COURT:  Do you agree to give up your right to

16    appeal and to contest your sentence?

17                DEFENDANT GONZALEZ:  Yes.

18                THE COURT:  Mr. Gonzalez, do you understand that you

19    cannot receive probation in your case?

20                DEFENDANT GONZALEZ:  Yes.

21                THE COURT:  There is no parole in federal court.  The

22    term of imprisonment that you may receive -- any of you may

23    receive is the time that you will serve, less credit for good

24    time.

25          Mr. Renteria, do you understand that?

1          DEFENDANT RENTERIA:  Yes.

2          THE COURT:  Mr. Infante?

3          DEFENDANT INFANTE:  Yes.

4          THE COURT:  Mr. Lagos?

5          DEFENDANT LAGOS:  Yes.

6          THE COURT:  Mr. Gonzalez?

7          DEFENDANT GONZALEZ:  Yes.

8          THE COURT:  In Mr. Gonzalez' case, Ms. Thompson, the

9     indictment contains a forfeiture provision, but it doesn't list

10    the property to be forfeited.  And I didn't see any subsequent

11    pleadings that listed the specific property to be forfeited.

12    And I know the plea agreement contains also a forfeiture

13    provision, but usually there's some reference to specific

14    property that's going to be forfeited.

15          MS. THOMPSON:  Correct.  Normally our forfeiture

16    section will file a bill of particulars.  I'm not sure if one

17    was filed in this case.  But the only --

18          THE COURT:  I didn't see it.

19          MS. THOMPSON:  The only item that is eligible for

20    forfeiture is his cellular telephone that was seized.

21          THE COURT:  Okay.  So at this point, since there's not

22    actually been notice of the specific item, what do we do?

23    There's notice of a forfeiture but not notice of the specific

24    property.  What effect does that have, if any?

25          MS. THOMPSON:  I think the plea agreement states that

1  he agrees to forfeit any properties that were used in the

2  commission of the offense.  Based on the factual basis, the

3  only property that can be identified by the government is the

4  cellular telephone that was seized.  So I would read that as

5  he's agreeing to forfeit his telephone.

6          THE COURT:  Mr. Kimbrough, would you and your client

7  agree with that?

8          MR. KIMBROUGH:  Yes.  That's fine, Your Honor.  We

9  agree to that.

10          THE COURT:  Mr. Gonzalez, just so that you understand,

11  the government did ask in the indictment that certain property

12  of yours be forfeited.  Anything that would contain illegal

13  images would be subject to forfeiture anyway.  And I think --

14  even though it's not actually listed in the indictment or by

15  any subsequent bill of particulars, I doubt that the government

16  would have too much trouble forfeiting that item.

17      But to the extent that it hasn't been listed and that they

18  are seeking to forfeit your telephone -- which I thought was

19  listed in the factual basis, Ms. Thompson?  Specifically, I

20  thought there was a reference to -- in the factual basis to

21  the -- to the telephone.

22          MS. THOMPSON:  There is, Your Honor.  You're correct.

23          THE COURT:  Okay.  Do you agree to the forfeiture of

24  your telephone?

25          DEFENDANT GONZALEZ:  Yes.

```
 1              THE COURT:  Okay.  Also, Mr. Gonzalez, in addition to
 2   any term of imprisonment or fine that may be imposed, you will
 3   be required to make restitution for -- to any victim that's
 4   identifiable in this offense.  Do you understand that?
 5              DEFENDANT GONZALEZ:  [Inaudible].
 6              THE COURT:  To the offenses to which each of you is
 7   pleading guilty, a term of supervised release will be assessed.
 8        Mr. Renteria, Mr. Infante and Mr. Lagos, your supervised
 9   release terms are up to one year.
10        Mr. Gonzalez, the supervised release terms on both counts
11   to which you're pleading guilty could be as long as the
12   remainder of your life.
13        Supervised release is served after completing your initial
14   term of confinement.  While on supervised release, you will be
15   required to comply with various conditions.  Failure to comply
16   with any of these conditions could result in revocation of
17   supervised release and the imposition of an additional term of
18   confinement.
19        Mr. Renteria, do you understand that?
20              DEFENDANT RENTERIA:  Yes.
21              THE COURT:  Mr. Infante?
22              DEFENDANT INFANTE:  Yes.
23              THE COURT:  Mr. Lagos?
24              DEFENDANT LAGOS:  Yes.
25              THE COURT:  And Mr. Gonzalez?
```

```
1              DEFENDANT GONZALEZ:  Yes.
2              THE COURT:  Mr. Renteria, are you pleading guilty
3    freely and voluntarily and with full knowledge of the
4    consequences?
5              DEFENDANT RENTERIA:  Yes.
6              THE COURT:  Mr. Infante?
7              DEFENDANT INFANTE:  Yes.
8              THE COURT:  Mr. Lagos?
9              DEFENDANT LAGOS:  Yes.
10             THE COURT:  And Mr. Gonzalez?
11             DEFENDANT GONZALEZ:  Yes.
12             THE COURT:  Mr. Renteria, has anyone threatened you,
13   coerced you or forced you in any way to plead guilty?
14             DEFENDANT RENTERIA:  No.
15             THE COURT:  Mr. Infante?
16             DEFENDANT INFANTE:  No.
17             THE COURT:  Mr. Lagos?
18             DEFENDANT LAGOS:  No.
19             THE COURT:  Mr. Gonzalez?
20             DEFENDANT GONZALEZ:  [Inaudible].
21             THE COURT:  Mr. Renteria, has anyone made any promise
22   that caused you to plead guilty, such as a promise as to what
23   your sentence would be?
24             DEFENDANT RENTERIA:  No.
25             THE COURT:  Mr. Infante?
```

1      DEFENDANT INFANTE:  No.

2      THE COURT:  Mr. Lagos?

3      DEFENDANT LAGOS:  No.

4      THE COURT:  Mr. Gonzalez, has anyone made any promise

5  other than the plea agreement that caused you to plead guilty,

6  such as a promise as to what your sentence would be?

7      DEFENDANT GONZALEZ:  [Inaudible].

8      THE COURT:  Mr. Gonzalez, as part of your plea

9  agreement the government will not oppose your receiving an

10  adjustment for acceptance of responsibility under the

11  sentencing guidelines.  Judge Ezra is not required to give

12  you -- or to accept that recommendation.  If he does not accept

13  this part of your plea agreement or does not sentence you

14  within the applicable guideline range, you will not have the

15  right to withdraw your guilty plea.

16    Do you understand that?

17      DEFENDANT GONZALEZ:  Yes.

18      THE COURT:  Mr. Gonzalez, the factual basis for your

19  offenses is contained within your plea agreement.

20    And, Mr. Hardy, I'll now ask for the factual bases in the

21  other three cases, please.

22      MR. HARDY:  Yes, sir.

23    As to defendant Renteria, the government incorporates by

24  reference all the factual assertions in the indictment and

25  reasserts those.  We would further show that the records of the

United States immigration authorities reveal that at all times material, the defendant was and is a citizen of the Republic of Mexico and not of the United States; that the defendant was previously deported from the United States on or about February 29, 2009.

THE COURT:  26?

MR. HARDY:  February 26 of 2009; that thereafter the defendant did not have the requisite legal permission to reapply for admission to the United States, but that nonetheless the defendant was found illegally present within the Western District of Texas on or about March 30, 2017.

As to defendant Infante, we incorporate by reference the factual assertions in the indictment in that case and reassert those.  We would show that records of United States immigration authorities indicate that the defendant was and is and at all times material has been a citizen of the Republic of Mexico and not of the United States; that he was previously deported from the United States on or about March 31, 2011; that the defendant did not thereafter have the requisite legal permission to reapply for admission to the United States, but that he nonetheless was found illegally present within the San Antonio Division of the Western District of Texas on or about January 21, 2017.

As to defendant Lagos, we incorporate by reference the factual assertions in the indictment and reassert them.  We

1  would further show that records of United States immigration

2  authorities reflect that the defendant at all times material

3  was and is a citizen of Honduras and not a citizen of the

4  United States; that the defendant was previously deported from

5  the United States on or about August 18, 2010; that he did not

6  thereafter have the requisite legal permission to reapply for

7  admission to the United States, but that he was nonetheless

8  found present -- illegally present within the Western District

9  of Texas on or about March 5, 2017.

10             THE COURT:  Thank you.

11             MR. HARDY:  Yes, sir.

12             THE COURT:  Before each of you could be found guilty

13  at trial, the government would be required to prove the facts

14  in your factual basis and establish each of the legal elements

15  I have explained to you beyond a reasonable doubt.

16        Mr. Renteria, do you understand that?

17             DEFENDANT RENTERIA:  Yes.

18             THE COURT:  Mr. Infante?

19             DEFENDANT INFANTE:  Yes.

20             THE COURT:  Mr. Lagos?

21             DEFENDANT LAGOS:  Yes.

22             THE COURT:  Mr. Gonzalez?

23             DEFENDANT GONZALEZ:  Yes.

24             THE COURT:  Mr. Renteria, now that I've explained the

25  legal elements of your offense and the government's attorney

1    has read the factual basis to you -- and in your case,

2    Mr. Gonzalez, you've had the opportunity to read the factual

3    basis -- I want to ask each of you again if you have any

4    questions about the charge against you or the factual basis.

5        Mr. Renteria?

6            DEFENDANT RENTERIA:  No.

7            THE COURT:  Mr. Infante?

8            DEFENDANT INFANTE:  No.

9            THE COURT:  Mr. Lagos?

10           DEFENDANT LAGOS:  No.

11           THE COURT:  Mr. Gonzalez?

12           DEFENDANT GONZALEZ:  No.

13           THE COURT:  Mr. Renteria, do you agree with the

14    factual summary read by the government's attorney?

15           DEFENDANT RENTERIA:  Yes.

16           THE COURT:  Mr. Infante?

17           DEFENDANT INFANTE:  Yes.

18           THE COURT:  Mr. Lagos?

19           DEFENDANT LAGOS:  Yes.

20           THE COURT:  And, Mr. Gonzalez, do you agree with the

21    factual summary in your plea agreement?

22           DEFENDANT GONZALEZ:  Yes.

23           THE COURT:  Having now discussed the charges against

24    you, your constitutional and statutory rights and the penalties

25    that you face, I want to ask each of you again how you plead to

```
 1   the charges against you in your indictment that we have
 2   discussed; guilty or not guilty?  Mr. Renteria?
 3              DEFENDANT RENTERIA:  Guilty.
 4              THE COURT:  Mr. Infante?
 5              DEFENDANT INFANTE:  Guilty.
 6              THE COURT:  Mr. Lagos?
 7              DEFENDANT LAGOS:  Guilty.
 8              THE COURT:  Mr. Gonzalez?
 9              DEFENDANT GONZALEZ:  Guilty.
10              THE COURT:  Mr. Renteria, is there anything we've
11   talked about today that you do not understand or that you want
12   to discuss with your lawyer?
13              DEFENDANT RENTERIA:  No.
14              THE COURT:  Mr. Infante?
15              DEFENDANT INFANTE:  No.
16              THE COURT:  Mr. Lagos?
17              DEFENDANT LAGOS:  No.
18              THE COURT:  Mr. Gonzalez?
19              DEFENDANT GONZALEZ:  No.
20              THE COURT:  The Court finds that the defendants are
21   competent to stand trial.  The defendants fully understand the
22   nature of the charges and the penalties.  The defendants
23   understand their constitutional and statutory rights and desire
24   to waive them.  The defendants' pleas are freely, knowingly and
25   voluntarily made, and there is a factual basis for the pleas.
```

1    I will recommend to the district judges that your guilty

2    pleas be accepted and that a judgment of guilt be entered

3    against you.  Cases will now be referred to the probation

4    office to prepare presentence reports.

5    Mr. Renteria, your case is set for sentencing before

6    Judge Rodriguez on July the 6th at 1:30 in the afternoon.

7    Mr. Infante, your case is set for sentencing before Chief

8    Judge Garcia -- is this right?  1:30 in the afternoon?  When

9    did he start doing them at 1:30?

10    (At the bench off the record)

11        THE COURT:  Mr. Hille, the time I have and the date I

12    have for Mr. Infante is July 5th at 1:30, but I'm not sure

13    about the time.  Chief Judge Garcia doesn't usually sentence

14    people at 1:30.  So you might check on that or -- I'm not sure

15    that that's the right time.

16    Mr. Lagos, your case is set for sentencing before

17    Judge Rodriguez on July the 5th at 1:30 in the afternoon.  And

18    I guess -- I'm assuming that's right, too; is that Mr. Lagos

19    and Mr. Renteria are being sentenced one day apart?  Not on the

20    same day?

21        THE CLERK:  Yes, sir.  That is correct.

22        THE COURT:  That's correct?

23        THE CLERK:  Yes.

24        THE COURT:  Okay.  And then, Mr. Gonzalez, you're set

25    for sentencing before Judge Ezra on September the 11th at 1:00

1  in the afternoon.

2      Court's in recess.

3  * * *

4      (Hearing adjourned at 2:35 p.m.)

-oOo-

    I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

    I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.


Date:  5/24/2018        /s/ Chris Poage
                        655 East Cesar E. Chavez Blvd., Suite G-65
                        San Antonio, TX  78206
                        Telephone:  (210) 244-5036